IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NINGBO BONNY DECORATIVE                                             PLAINTIFF
MATERIAL CO., LTD

V.                                              CIVIL ACTION NO. 1:17-CV-114-SA-DAS

EAST SYSTEMS, INC., and
GEORGE K. EAST                                                      DEFENDANTS

ORDER AND MEMORANDUM OPINION

Ningbo Bonny Decorative Material Co., Ltd filed its Complaint [1] in this Court on July

27, 2017. East Systems, Inc. and George K. East responded by filing an Answer and Counterclaim

[12] on October 13, 2017. Now before the Court is Ningbo Bonny's Partial Motion to Dismiss [14]

several of the Defendants' counterclaims. The issues are fully briefed and ripe for review.

*Factual and Procedural Background*

The claims in this case arise from a business relationship between Ningbo Bonny and

George East, of East Systems, Inc. Ningbo Bonny purchased a large commercial printing machine

in Columbus, Mississippi. Ningbo Bonny shipped the machine to its location in China and engaged

East in discussions to make various repairs and upgrades. East apparently had familiarity with the

machine through work with his former employer from which Ningbo Bonny purchased the

machine. At some point the relationship deteriorated resulting in the filing of this case. In response

to the Complaint, the East Defendants filed counterclaims for breach of contract, breach of the

duty of good faith and fair dealing, quantum meruit, an accounting, tortious breach of contract,

and malicious prosecution. Plaintiff Ningbo Bonny now requests dismissal under Federal Rule of

Civil Procedure 12(b)(6) of some of the Defendants' counterclaims, specifically those for

malicious prosecution, request for an accounting, tortious breach of contract, and breach of the duty of good faith and fair dealing.

*Standard of Review*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint, or counterclaim, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas*, 781 F.3d 772, 775–76 (5th Cir. 2015) (citing *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010)) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937).

Mississippi substantive law applies in this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (citing *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009)).

*Malicious Prosecution*

In their Response [20] to the instant motion, the Defendants agree that their malicious prosecution claim has not yet accrued and concede to its dismissal. As such, the Defendants' malicious prosecution counterclaim is dismissed without prejudice.

*Request for an Accounting*

In their Counterclaim for an Accounting, the Defendants allege the following:

> ESI has repeatedly asked Ningbo if it was prepared to pay for the services rendered by ESI on Ningbo's behalf and Ningbo has failed or refused to provide such assurances. ESI has performed valuable services for which payment should be remitted and for which

> Ningbo stubbornly refuses or fails to acknowledge. ESI requests that
> this Court order Ningbo to provide an accounting of all changes in
> the design that it requested during the period after the work was
> quoted and to account for why it has not paid ESI for the same.

Ningbo Bonny argues that this allegation does not constitute an accounting claim because it is a demand for facts, not funds. Ningbo Bonny cites to *State ex rel. King v. Harvey* for the proposition that an accounting claim seeks "a detailed statement of the debits and credits between parties arising out of a contract or a fiduciary relation"; and to *Briggs & Stratton Corp. v. Smith* to support its argument that a litigant may not use an accounting claim as "mere disguise for what really could be accomplished through discovery." *State ex rel. King v. Harvey*, 214 So. 2d 817, 819 (Miss. 1968); *Briggs & Stratton Corp. v. Smith*, 854 So. 2d 1045, 1048-49 (Miss. 2003).

The Defendants have not offered any legal argument or contradictory precedent in response. The Court finds that the Counterclaim in this case mimics the false accounting claim in *Briggs*. In that case the Mississippi Supreme Court found that "An accounting has traditionally been a tool used by a plaintiff against a defendant. In the case sub judice, the plaintiff attempts to initiate an accounting against himself. It is a mere disguise for what really could be accomplished through discovery." *Briggs*, 854 So. 2d at 1049. The same is true in the instant case. The Defendants are demanding that Ningbo Bonny account for the sums owed to these same Defendants, and to explain why said sums have not been paid. Under the relevant precedent, this is not a true accounting claim, and is merely "a disguise for what really could be accomplished through discovery." *Id*. For these reasons, Ningbo Bonny's request for dismissal of the Defendants' counterclaim for an accounting is granted, and the counterclaim is dismissed.

*Tortious Breach of Contract*

Under Mississippi law, "[t]ortious breach of contract requires, in addition to a breach of contract, some intentional wrong, insult, abuse, or negligence so gross as to constitute an

independent tort." *Morris v. CCA of Tennessee, LLC*, No. 3:15-CV-00163-MPM, 2017 WL 2125829, at *2 (N.D. Miss. May 16, 2017) (citing *Southern Natural Gas Co. v. Fritz,* 523 So. 2d 12, 19-20 (Miss. 1987). "In addition to a breach of contract we must find some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort in order to support a claim for tortious breach of contract." *Id*. (citing *Fritz*, 523 So. 2d at 19-20).

Thus, in this Rule 12(b)(6) context, the Defendants must "plead[] factual content that allows the court to draw the reasonable inference that the [counter defendant] is liable for the misconduct alleged." *Edionwe*, 860 F.3d at 291 (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937). Ningbo Bonny argues that the Defendants have not plead any factual basis for an independent tort, in addition to the underlying alleged breach of contract, to adequately allege a claim for tortious breach of contract.

A review of the Defendants' counterclaim reveals that indeed, the relevant portion of the counterclaim does not contain any facts, other than the allegations regarding the underlying breach of contract, from which the Court can draw a reasonable inference that Ningbo Bonny is liable for any independent tort. In response, the Defendants argue that their counterclaim explicitly incorporates all of the facts in the previous paragraphs of their answer and counterclaim, and that within those paragraphs, sufficient facts are alleged to support their claim. Specifically, the Defendants argue:

> For example, in paragraph 27 of the Counter-Complaint ESI alleged that Ningbo is still waiting on payment of $214,475.78 and that Ningbo has failed to answer its question about payment. The Counter Plaintiffs also in paragraph 27 alleged that as a result of Ningbo's recklessness, carelessness, negligence and indecisiveness and willful failure to honor the payment terms for the quoted work, ESI suffered numerous damages.

The Court does not see any facts here that could support a tort independent of the underlying breach of contract, the Defendants have failed to specifically point to any, and have also failed to bring forth any legal argument to support their position. Although the Defendants recite the terms "recklessness, carelessness, negligence and indecisiveness and willful failure" the few actual facts that they allege sound merely in terms of general breach. Because the Defendants failed to allege any facts that would "allow[] the court to draw the reasonable inference that the [counter defendant] is liable for the misconduct alleged," Ningbo Bonny's motion to dismiss this counterclaim is granted, and the Defendants' counterclaim for tortious breach of contract is dismissed. *Edionwe*, 860 F.3d at 291 (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937).

*Breach of the Duty of Good Faith and Fair Dealing*

The Parties agree, as does the Court, that "under Mississippi law, every contract contains an implied covenant of good faith and fair dealing." *Tubwell v. Specialized Loan Serv. LLC*, No. 3:17-CV-15, 2017 WL 4228760, at *8 (N.D. Miss. Sept. 22, 2017) (citing *Stewart v. GMAC Mortg., LLC*, No. 2:10-CV-149, 2011 WL 1296887, at *5 (S.D. Miss. Mar. 31, 2011) (quoting *Merchants & Planters Bank of Raymond v. Williamson*, 691 So. 2d 398, 405 (Miss. 1997)) (internal quotation marks omitted). Good faith and fair dealing requires the "faithfulness of an agreed purpose between two parties, a purpose which is consistent with the justified expectations of the other party." *Id.* (citing *Cenac v. Murry*, 609 So. 2d 1257, 1272 (Miss. 1992)). "Bad faith is characterized by some conduct which violates standards of decency, fairness, or reasonableness." *Id.* (citing *Stewart*, 2011 WL 1296887, at *5; *Williamson*, 691 So. 2d at 404).

Ningbo Bonny argues that the Defendants' allegations with regard to this counterclaim again sound merely in terms of general breach of contract. Ningbo Bonny relies on *Cenac* to support its argument that its conduct, as alleged, was not "bizarre, abusive, aberrant, or

intimidating behavior" and is not "egregious as to amount to a breach of the duty of good faith and fair dealing". *See Cenac*, 609 So. 2d at 1272; *Stewart*, 2011 WL 1296887, at *5.[1]

In response, the Defendants argue that Ningbo Bonny made continuous unilateral changes to the project without remitting payment, unilaterally rejected approved drawings and demanded new plans that made the machine much larger and more complex, ignored payment requests, and continually changed the project requirements, intentionally making completion much more difficult. The Defendants also argue that even if Ningbo Bonny's actions did not rise to the level in *Cenac*, Ningbo Bonny's actions here, as alleged, do rise to the level alleged in *Stewart*. The Court agrees that, although the subject matter is different, the practical implications of the allegations in this case are very similar to those alleged in *Stewart*. Thus, the Court finds that the Defendants have alleged sufficient "factual content that allows the court to draw the reasonable inference that the [counter defendant] is liable for the misconduct alleged." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937). Ningbo Bonny's motion to dismiss the Defendants' counterclaim for breach of the duty of good faith and fair dealing is denied.

*Leave to Amend*

In their responses to the pending motion to dismiss, the Defendants briefly argue that should the Court dismiss any of their claims, they should be given leave to amend. This Court's local rules make clear that the Court does not recognize a motion contained within the body of a

---

[1] The allegations in *Cenac* were that the defendant engaged in a "bizarre, abusive, aberrant, and intimidating pattern of behavior after selling a country store to the Cenacs which 'made their life a living hell." *Mann v. Amer. Federated Life Ins. Co.*, 146 F.3d 868, *2 (5th Cir. 1998) (quoting *Cenac*, 609 So.2d at 1272). Murry further fired guns at the Cenacs, insulted and mocked them in front of prospective customers, and followed and videotaped them, all in an effort to drive them from the store they had purchased from Murry, allowing him to foreclose. *Id.* (citing *Cenac*, 609 So.2d at 1262–66 and 72–23). The allegations in *Stewart* were that the defendant, a bank, promised Stewart time to sell his home via a short sale while simultaneously selling the property at foreclosure; failed to timely respond to his requests for approval of a short sale; and failed to communicate with him. *Stewart*, 2011 WL 1296887, at *5. In both cases, the courts found that a claim for breach of the duty of good faith and fair dealing was adequately alleged.

response and delineates a clear procedure for seeking leave to amend. *See* L. U. Civ. R. 7(b). Because the Defendants failed to raise their request for relief by motion and failed to follow the procedure specified by the local rules, their request is not properly before the Court.[2]

*Conclusion*

For all of the reasons fully discussed above the Court orders the following:

The Plaintiff's Motion to Dismiss [14] is GRANTED in part and DENIED in part. The Defendants' counterclaim for malicious prosecution is dismissed without prejudice. The Defendants' counterclaim for an accounting is dismissed with prejudice. The Defendants' counterclaim for tortious breach of contract is dismissed with prejudice. All other counterclaims will proceed.

It is SO ORDERED on this the 1st day of August, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[2] Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave when justice so requires." "The language of this rule evinces a bias in favor of granting leave to amend." *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Europe GMBH*, 839 F.3d 422, 428 (5th Cir. 2016) (alterations and quotation marks omitted). However, a "court need not grant a futile motion to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). The Court notes that in addition to the procedural defects noted above, the Defendants failed to provide any reasons or additional facts to support an amendment, or any argument from which the Court could find or infer that an amendment would not be futile.